UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD WINGFIELD,

                Petitioner,

-vs-                                                  Case No.  8:04-cv-2428-T-24MAP

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____

## **ORDER**

This case is on remand from the United States Court of Appeals for the Eleventh Circuit. (Doc. No. 18).

### **The Remand**

Petitioner Reginald Wingfield filed his original petition on November 3, 2004. (Doc. No. 1). This Court dismissed the petition, without prejudice, as insufficient, because the petition did not comply with the requirements of Rule 2, Rules Governing Habeas Corpus Cases Under Section 2254. (Doc. No. 2). Judgment was entered. (Doc. No. 3). Wingfield appealed. (Doc. No. 4).

On appeal, the Eleventh Circuit vacated this Court's judgment and remanded "with instructions to give the petitioner a specified time to submit a revised § 2254 petition on the proper form that complies with the requirements of Rule 2." This Court ordered Wingfield to file an amended petition on or before December 15, 2006. (Doc. No. 19). On December 6, 2006, Wingfield filed an amended petition (Doc. No. 20) (hereinafter "petition") that

complies with the requirements of Rule 2, and he is proceeding on that petition. The petition is timely.

Wingfield challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida. A review of the record demonstrates that, for the following reasons, Wingfield's petition must be **DENIED**.

BACKGROUND

On June 15, 1998, the State filed a nine-count Information charging Wingfield with grand theft motor vehicle (count one); two counts of aggravated battery on law enforcement officers (counts two and three); burglary of a dwelling (count four); aggravated assault (count five); criminal mischief (3rd degree felony)(count six); obstructing or opposing an officer with violence (count seven);  misdemeanor battery (count eight); and driving with no valid driver's license (count nine). (Exh 19: Vol. 1: R 17-23).[1]

Counts five and nine were nolle prossed. (Exh 19: Vol. 1: R 62-64).[2]  On October 5, 1998, the case proceeded to jury trial on the other counts. The jury acquitted Wingfield of count one, grand theft of a motor vehicle, but found him guilty as charged on the remaining counts. (Exh. 19: Vol. 1: R 33). On November 9, 1998, the state trial court found that Wingfield met the criteria to be sentenced as a prison releasee reoffender and sentenced him to thirty years incarceration for each of the two convictions for aggravated battery on

---

[1] Respondent filed the state court record. The four-volume record in Wingfield's direct appeal is found in Respondent's Exhibit 19. Volume 1 contains the documentary record and is referenced by "R" followed by the appropriate page number located in the lower right hand corner of the page. The trial transcript is contained in volumes 2 and 3, and is referred to as "TT" followed by the reporter's page number located in the upper right hand corner of the page.

[2] Count five was nolle prossed on October 5, 1998 and count nine was nolle prossed on October 6, 1998.

law enforcement officers, to be served concurrently. The state trial court also sentenced Wingfield to fifteen years incarceration for the burglary conviction and five years incarceration for the criminal mischief conviction. These latter sentences ran concurrent with each other and concurrent with the thirty-year sentences. Wingfield was sentenced to time served for count eight, the misdemeanor battery conviction. (Exh 19: Vol. 1: R 114-133).

Wingfield appealed. On January 19, 2000, in Case No. 2D98-4895, the state district court of appeal per curiam affirmed the burglary (count four), battery (count eight), and opposing an officer with violence (count seven) *convictions.* The state district court of appeal also affirmed the prison releasee reoffender *sentence*, without discussion. However, after discussion, the state district court of appeal affirmed the two aggravated battery on law enforcement officer convictions (counts two and three), but certified to the Florida Supreme Court a conflict with the Fourth District Court of Appeal on the issue of whether Wingfield's acts constituted aggravated battery. *Id.* Finally, the state district court of appeal reversed the felony criminal mischief conviction (count six), and remanded with directions for the state trial court to enter a corrected judgment and sentence for misdemeanor criminal mischief. (Exhibit 4). *Wingfield v. State*, 751 So. 2d 134 (Fla. 2d DCA 2000). (Exhibit 5).

Wingfield sought discretionary review in the Florida Supreme Court based on the certified conflict. On December 13, 2001, in Case No. SC00-250, the Florida Supreme Court filed a written opinion in which it discussed the issue regarding the sufficiency of evidence to support the aggravated battery convictions and remanded the case to the state

district court of appeal for a determination as to whether the police vehicle rammed by Wingfield was "sufficiently closely connected" to the police officers so that "the striking of the vehicle would constitute a battery on the person." (Exhibit 9). *Wingfield v. State*, 799 So. 2d 1022 (Fla. 2001).

On remand, the state district court of appeal filed a written opinion on March 20, 2002, addressing the issue of whether the State's evidence was sufficient to allow the jury to determine whether the police officers' vehicle was "sufficiently closely connected" to the officers so that the striking of the vehicle would constitute battery on the officers. (Exhibit 10). *Wingfield v. State*, 816 So. 2d 675 (Fla. 2d DCA 2002). The state district court of appeal concluded, under the facts of this case, that there was a sufficiently close connection, and that the convictions for aggravated battery on the law enforcement officers were not in error. *Id.* (Exhibit 11).

Wingfield again sought discretionary review in the Florida Supreme Court and filed a pro se jurisdictional brief on or about August 14, 2002. (Exhibit 12). On December 27, 2002, in Case No. SC02-1265, the Florida Supreme Court declined to accept jurisdiction. (Exhibit 14). *Wingfield v. State*, 835 So. 2d 271 (Fla. 2002)[table].

On July 22, 2003, Wingfield filed a pro se motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. (Exhibit 15). Wingfield raised one ground for relief: trial counsel was ineffective for failing to object to a defect in the battery jury instruction on the elements of simple battery.

On January 5, 2004, the state trial court summarily denied the rule 3.850 motion in an order that states in pertinent part:

> In any claim based on counsel's failure to object at trial, the defendant must show that counsel had "no excuse for overlooking the objection" and that the outcome of the trial "likely would have been different had the objection been made." *Rhue v. State*, 603 So. 2d 613 (Fla. 2d DCA 1998).
>
> The record reflects that the jury instructions submitted for Battery is [sic] the standard jury instruction provided by the Florida Standard Jury Instructions in Criminal Cases. *See Fla. Standard Jury Instruction*; (*See Jury Instructions, Trial Transcript vol. II, dated October 6, 1998*, pp. 293-304, attached). As such, Defendant fails to show how counsel had no objections [sic] for overlooking the objection or how the outcome of the trial "likely" would have been different had no objection been made. As such, Defendant is not entitled to relief.

(Exhibit 16, Order Denying Motion for Postconviction Relief at page 1).

Wingfield appealed the denial of relief. On September 8, 2004, in Case No. 2D04-1640, the state district court of appeal per curiam affirmed the denial of postconviction relief. (Exhibit 17). *Wingfield v. State*, 888 So. 2d 37 (Fla. 2d DCA 2004).

Wingfield then filed his 28 U.S.C. § 2254 petition raising two grounds for relief: (1) The evidence was insufficient to support Wingfield's convictions for aggravated battery on a law enforcement officer; (2) trial counsel was ineffective for failing to object to a defective jury instruction.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an

"unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

### DISCUSSION

### Ground One

Wingfield argues that the evidence was insufficient to support his convictions for aggravated battery on law enforcement officers. Specifically, Wingfield contends that a conviction for battery requires actually and intentionally touching or striking the person. He claims that this requirement was not met in his case since Wingfield struck only the vehicle in which the officers were riding and not the "actual person" of the officers. (Doc. No. 20 at p. 6(b)).

This issue was extensively reviewed by the Florida courts at all levels, including the state trial court, district court of appeal, and Florida Supreme Court. On remand from the

Florida Supreme Court, the district court of appeal concluded that, under Florida law, Wingfield's convictions for aggravated battery on law enforcement officers were not in error:

> In this court's original opinion in the instant case, we read *Williamson* to set forth as a matter of law that since the police cruiser did not have "the intimate connection" with the officer, the striking of the cruiser was not a sufficient basis to charge an aggravated battery. However, in *Clark*, the supreme court reviewed *Williamson* and determined that the Fourth District's conclusion was limited to the facts of that case. "While we do not read the statement in *Williamson* as announcing that as a matter of law the striking of the outer body of an automobile can never constitute a touching for purposes of a battery, we disapprove *Williamson* to the extent that it can be read as saying this." *Clark,* 783 So. 2d at 969.
>
> The supreme court determined that the facts in *Clark*, which included testimony that Clark hit the victim's vehicle at a speed of twenty-five to thirty miles per hour and "spun" the victim about, were sufficient to allow the jury to determine whether the vehicle was "sufficiently closely connected" to the person so that the striking of the vehicle would constitute a battery on the person. The court, reasoning that this was a factual question to be decided by the jury, affirmed Clark's conviction.
>
> On remand, we must now consider whether the State's evidence was sufficient to allow the issue to be presented to the jury. One officer testified that after Wingfield stopped his truck, he saw the reverse lights come on, heard the squealing of tires, and saw smoke coming from the tires. Wingfield's truck then came backing towards the cruiser, slamming into it and pushing it backwards. The other officer described the contact as "pretty full impact" that required the officers to brace themselves. We believe that this testimony is similar to the "spun about" testimony in *Clark* and conclude that these facts were sufficient to create a proper jury question. Given the jury's apparent determination of the factual issue in favor of the State, and based on the evidence in the record, we conclude that Wingfield's conviction was not in error.

*Wingfield v. State*, 816 So. 2d 675, 676-677 (Fla. 2d DCA 2002).

State courts are the final arbiters of state law, and federal habeas courts should not second-guess them on state law matters. *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997). Whether the evidence adduced by the State was sufficient to survive an acquittal

motion or support a conviction constitutes a determination within the province of the Florida courts. Wingfield did not complain of any constitutional due process violation, and no due process argument was preserved for review by this Court. *See Jackson v. Virginia*, 443 U.S. 307, 315 (1979) and *In re Winship*, 397 U.S. 358, 364 (1970)).  Moreover, even if it could be argued that Wingfield presents a federal constitutional claim, this Court will not review a question of federal law decided by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural. *See Eagle v. Linahan*, 279 F.3d 926, 936 (11th Cir. 2001). The state court's decision in Wingfield's direct appeal settles that, as a matter of state law, the evidence was sufficient to support the two convictions for aggravated battery on law enforcement officers under the facts of his case.

Ground one does not warrant habeas corpus relief.

## Ground Two

Wingfield alleges his trial counsel was ineffective for failing to object to a defective jury instruction. Specifically, Wingfield claims that the state trial court erroneously omitted the essential element of "actually" touching or striking another person against the other person's will from the jury instruction on simple battery, and that his trial counsel did not object to this omission.

Wingfield's argument is unavailing. In order to show a violation of the Sixth Amendment right to counsel, Wingfield must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Bell v. Cone*, 535 U.S. 685, 698 (2002)(courts

should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). *Strickland* teaches a defendant must show counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and such prejudiced him, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. *See also Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Williams v. Taylor*, 529 U.S. 362 (2000).

To prove ineffective assistance of counsel for failing to object to a jury instruction, the petitioner must show that the instruction was improper; that a reasonably competent attorney would have objected to the instruction; and that the failure to object was prejudicial. *Daugherty v. Dugger*, 839 F.2d 1426, 1428 (11th Cir. 1988)(citing *Strickland*, 466 U.S. at 686-87). The standard jury instruction for simple battery is as follows:

> To prove the crime of Battery, the State must prove the following element beyond a reasonable doubt:
>
> *Give 1 or 2 as applicable*
>
> 1. [(Defendant) intentionally touched or struck (victim) against [his] [her] will.]
>
> 2. [(Defendant) intentionally caused bodily harm to (victim).]

Florida Standard Jury Instructions in Criminal Cases § 8.3.

In this case, the state trial court's instruction to the jury on simple battery as a lesser included offense of aggravated battery on a law enforcement officer tracked the language of the first section of the standard battery instruction:

> THE COURT: And then we have Battery, sometimes known as simple Battery.

>       And before you can find Mr. Wingfield guilty of this, the State must prove the following single element beyond a reasonable doubt:
>
>       That Mr. Wingfield intentionally touched or struck Officer Detrio and/or Officer Fortunato against his will.

(Exh 18: Vol. 3: TT 299).

Wingfield raised this same issue in his rule 3.850 motion and the state trial court reasonably rejected the issue based on Wingfield's failure to demonstrate prejudice under *Strickland:*

>       The record reflects that the jury instructions submitted for Battery is [sic] the standard jury instruction provided by the Florida Standard Jury Instructions in Criminal Cases. *See Fla. Standard Jury Instruction*; (*See Jury Instructions*, Trial Transcript vol. II, dated October 6, 1998, pp. 293-304, attached). As such, Defendant fails to show how counsel had no objections [sic] for overlooking the objection or how the outcome of the trial "likely" would have been different had no objection been made. As such, Defendant is not entitled to relief.

(Exhibit 16, Order Denying Motion for Postconviction Relief at page 1.)

Because the standard jury instruction does not contain an element of actual touching, defense counsel had no basis for objecting. Moreover, there was no prejudice because Wingfield was properly convicted of the greater offense, aggravated battery.

Trial counsel cannot be ineffective under the *Strickland* standard for failing to object to the validity of instructions approved by the Florida Supreme Court. In *Downs v. State*, 740 So. 2d 506, 518 (Fla. 1999), the Florida Supreme Court addressed a claim by a prisoner under sentence of death that his trial counsel was ineffective for not objecting to the cold, calculated and premeditated (CCP) instruction. At the time of Downs' resentencing, the CCP instruction was the standard jury instruction which had been

approved by the Florida Supreme Court. *Downs* held that defense counsel was not ineffective for failing to object, under the *Strickland* standard. *Id.*

The same reasoning applies in this case. Because the instruction given in Wingfield's case tracked the standard jury instructions, Wingfield does not show any deficiency or prejudice in counsel's failure to attack the jury instruction on battery. The state courts' rulings were neither contrary to, nor an unreasonable application of, the *Strickland* standard.

Ground two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Wingfield's petition is denied, with prejudice.  The Clerk is directed to enter judgment against Wingfield and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 12, 2007.

SUSAN C. BUCKLEW
United States District Judge

**USCA**
Counsel of Record
Reginald Wingfield